IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America, | ) CRIMINAL NOS. 1:02-468-CMC |
| | ) 3:04-324-CMC |
| v. | ) |
| | ) |
| Herbert Williams, | ) **OPINION and ORDER** |
| | ) |
| Defendant. | ) |
| _____ | ) |

This matter is before the court on Defendant's letter requesting termination of supervised

release. The Clerk is directed to file this letter as of the filing date of this Order.

The United States Probation Office has notified this court by letter that it opposes the request

at this time.

Title 18 United States Code Section 3583(e) provides that

The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B),
(a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--

> (1) terminate a term of supervised release and discharge the
> defendant released at any time after the expiration of one year of
> supervised release, pursuant to the provisions of the Federal Rules of
> Criminal Procedure relating to the modification of probation, if it is
> satisfied that such action is warranted by the conduct of the defendant
> released and the interest of justice . . . .

Considerations contained in § 3553 include, *inter alia*, the nature and circumstances of the offense

and the history and characteristics of the defendant; the ability to afford adequate deterrence to

criminal conduct; the need to protect the public from further crimes of the defendant; and the need

to provide the defendant with needed educational or vocational training, medical care, or other

correctional treatment in the most effective manner. 18 U.S.C. § 3553.

"The plain language of the statute illustrates that § 3583(e), in the typical case, allows a

1

conduct-based inquiry into the continued necessity for supervision after the individual has served

one full year on supervised release." *United States v. Pregent*, 190 F.3d 279, 282-83 (4th Cir. 1999).

However, the statute

> is not exclusively limited to considerations of conduct. The language of the statute
> notes that the district court 'may' terminate supervised release 'if it is satisfied that
> such action is warranted by the conduct of the defendant released and the interest of
> justice.' The phrase 'the interest of justice' does give the district court latitude to
> consider a broad range of factors in addition to an individual's behavior in
> considering whether to terminate the supervised release period.

*Id*. at 283 (citation omitted).

The court declines to terminate Defendant's supervised release at this time. The court notes

that while Defendant has been compliant while under supervision, he has not demonstrated any

action which warrants early termination.

Defendant's motion for termination of supervision is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 24, 2010